**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WAYNE RESPER,                                    *

Plaintiff                                        *

v                                                *          Civil Action No. PJM-07-746

JAMES PEGUESE                                    *

Defendants                                       *
                                              ***

<u>**MEMORANDUM OPINION**</u>

Plaintiff Wayne Resper ("Resper") filed the above-captioned Complaint on March 20, 2007, pursuant to 42 U.S.C. §1983. Defendant Peguese,[1] by his attorney, moves to dismiss or, in the alternative, for summary judgment. ECF No. 7. Plaintiff has responded. ECF Nos. 9, 51 & 59. After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motion, construed as a Motion for Summary Judgment (ECF No. 7), will be GRANTED and judgment will be ENTERED in favor of Defendant.

**Background**

Resper, a state inmate alleges that in late 2001 and into April 2002, Warden Peguese and other unnamed personnel did nothing to repair the inoperative ventilation system on his tier at the Maryland House of Correction-Annex (now known as the Jessup Correctional-Institution ("JCI"). Plaintiff states that he was subjected to extreme heat, cigarette smoke, welding smoke,

---

[1] Former Warden of JCI, James Peguese is now deceased. ECF No. 47. Plaintiff sought and was granted dismissal of Warden Peguese. ECF Nos. 47 & 55. Plaintiff seeks to add Lt. Hall, the maintenance supervisor, and Sgt Cash, a maintenance officer, as Defendants. ECF No. 58. The motion filed some five years after receipt of Defendant's dispositive motion shall be denied. The case is properly dismissable as Plaintiff has identified no Defendants. His efforts to amend the complaint to include the State of Maryland (ECF No. 44) is likewise subject to dismissal. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984).

and "completely unhealthy air."  He states that the conditions caused him migraine headaches, nausea, shortness of breath, chest pains, earaches and sinus discomfort.  He states that the conditions continued until June 18, 2004, when he was transferred from the institution.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. ECF Nos. 1, 6 & 44.

**Standard of Review**

A.     Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).  The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 1969.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.     Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### Analysis

A.      Statute of Limitations

Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts. *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing  Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101.  Resper filed the instant complaint on March 20, 2007.  ECF No. 1.  The conduct

complained of occurred, according to Resper in "late 2001 and into April 2002", five years prior to the commencement of this action.[2]   In so far as the complaint concerns events occurring before March 20, 2004, it is clearly time barred and Defendant's Motion shall be granted.  The Court shall only consider Plaintiff's claim as it relates to his conditions of confinement from March 20, 2004 to June 18, 2004.

B.       Injunctive Relief

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). " 'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)).  An actual controversy must exist at all times while the case is pending.  *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the relief requested, the case must be dismissed.  *See Flast v. Cohen*, 392 U.S. 83, 95 (1968).   Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…"  *See Lewis v. Continental Bank* Corp,   494 U.S. 472, 480 (1990). The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d  451, 452 (4th Cir. 1987); *see also Cotterall v. Paul*, 755 F.2d

---

[2] Plaintiff also baldly states that conditions continued until June 18, 2004, when he was transferred from the institution.

777, 780 (11th Cir. 1985)(past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the Court that Plaintiff is no longer housed at the JCI, his request for injunctive relief has been granted and/or rendered moot.

C.     Conditions Claim

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*   In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.' *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).    "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) *citing Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

The objective prong of a conditions claim requires proof of an injury.  "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim

regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Record evidence demonstrates that in April, 2002, Plaintiff began complaining periodically regarding the ventilation system not working.  ECF Nos. 6 & 7, Ex. 1.  In October, 2002, JCI instituted a preventative maintenance plan that included semi-annual maintenance on the ventilation system in E-Building where Plaintiff was then incarcerated.  ECF No. 7, Ex. 1. Defendants do not dispute that from July 2002 to November 5, 2003, the ventilation system did not always operate at full capacity and at time ceased operation.[3]   Plaintiff notes that "while maintenance records seem to suggest that Plaintiff's problem was addressed or being addressed, there is no indication that the vents ever worked following the alleged preventative maintenance program."  ECR No. 9.  While Plaintiff's assertion may be correct,  it is abundantly clear from the administrative record that efforts were made to remedy the problem.  There is simply no evidence that correctional staff were indifferent to Plaintiff's claims, rather, they undertook efforts to resolve the problems.  That the problem with the ventilation system was not resolved to Plaintiff's satisfaction in the time he would have liked does not state a constitutional claim.

Further, even assuming the delays in repair of the ventilation system satisfied the subjective component, Plaintiff has failed to demonstrate injury arising from the failure of the ventilation system from March 20, 2004 to June 18, 2004. Plaintiff has provided no medical

---

[3] While this time frame is not before the Court, it is noteworthy that the Administrative Law Judge exhaustively summarized the evidence before her concerning the functionality of the ventilation system, including numerous efforts by correctional staff to repair and maintain the ventilation system.  In dismissing Plaintiff's claim, the ALJ did not find any deliberate indifference on the part of correctional staff in regard to the ventilation system and further found that Plaintiff failed to demonstrate that his medical complaints were directly attributable to the problems with the ventilation system.  *Id.*, Ex. 1.  Plaintiff's claim before this Court suffers the same infirmities.

records concerning his claims that he suffered **any** injury during this time, much less injury that could be causally connected to the failure of the ventilation system during this three month window of time.   Thus his Eighth Amendment claim fails.

D.      Violation of Division of Correction Directive

Plaintiff claims that Defendant failed to follow Division of Correction Directives concerning the safety of inmates.   To the extent that written directive were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process.   *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[4]

**Conclusion**

In light of the foregoing, Defendant's Motion, construed as a Motion for Summary Judgment, shall be granted.    A separate Order follows.


                                                  _____
                                                             /s/
                                                  PETER J. MESSITTE
September 28, 2012                                 UNITED STATES DISTRICT JUDGE

---

[4]Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).